# EXHIBIT B

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**SALTZ MONGELUZZI BENDESKY PC**
BY: ROBERT J. MONGELUZZI/ ANDREW R.
DUFFY/ E. DOUGLAS DISANDRO, JR.
IDENTIFICATION NO.: 36283/77121/316834
1650 MARKET STREET 52ND FLOOR
PHILADELPHIA, PA  19103
(215) 496-8282
*Attorneys for Plaintiffs*

| | |
|---|---|
| **MARCUS McKNIGHT, III and ELIZABETH McKNIGHT, h/w**<br><br>*Plaintiffs,*<br><br>v.<br><br>**COUNTY OF CUMBERLAND** *and* **IAN GREENE**<br><br>*Defendants*. | **IN THE COURT OF COURT OF COMMON PLEAS OF CUMBERLAND COUNTY**<br><br>**CIVIL ACTION - LAW**<br><br>**NO.**<br><br>**JURY OF 12 DEMANDED** |

## NOTICE TO DEFEND

| "NOTICE | "AVISO |
|---|---|
| "You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by  entering a written appearance personally or by an attorney and filing in writing with the court your  defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may  proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.<br><br>"YOU SHOULD TAKE THIS PAPER TO YOUR  LAWYER AT ONCE. IF YOU  DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>Cumberland County Bar Association's Find a Lawyer<br>32 South Bedford Street<br>Carlisle, PA 17013<br>Phone: 717-249-3166 EXT. 105 | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta   demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted.  Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted.<br><br>USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME  POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.<br><br>ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA  OFICINA  PUEDE  PROPORCIONARLE  INFORMACION  SOBRE  AGENCIAS  QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.<br><br>Cumberland County Bar Association's Find a Lawyer<br>32 South Bedford Street<br>Carlisle, PA 17013<br>Phone: 717-249-3166 EXT. 105 |

1

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**SALTZ MONGELUZZI BENDESKY PC**
BY: ROBERT J. MONGELUZZI/ ANDREW R.
DUFFY/ E. DOUGLAS DISANDRO, JR.
IDENTIFICATION NO.: 36283/77121/316834
1650 MARKET STREET 52ND FLOOR
PHILADELPHIA, PA  19103
(215) 496-8282
*Attorneys for Plaintiffs*

| | |
|---|---|
| **MARCUS McKNIGHT, III and ELIZABETH McKNIGHT, h/w**<br>215 Daisy Drive<br>Mechanicsburg, PA 19050<br><br>*Plaintiffs*,<br><br>v.<br><br>**COUNTY OF CUMBERLAND**<br>16 West High Street, Suite 301<br>Carlisle, PA 17013<br><br>*and*<br><br>**IAN GREENE**<br>1 Courthouse Square #303<br>Carlisle, PA 17013<br><br>*Defendants*. | **IN THE COURT OF COURT OF COMMON PLEAS OF CUMBERLAND COUNTY**<br><br>**CIVIL ACTION - LAW**<br><br>**NO.**<br><br>**JURY OF 12 DEMANDED** |

## PARTIES

1.      Plaintiffs, Marcus McKnight, III (hereinafter "Plaintiff") and Elizabeth McKnight, h/w, are adult individuals residing at the above-captioned address.

2.      Defendant, County of Cumberland (hereinafter the "County of Cumberland"), is a political subdivision under the Political Subdivision Tort Claims Act, organized and existing under the laws of the Commonwealth of Pennsylvania, with its place of business at the above-captioned address.

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3. At all times, the County of Cumberland was acting by and through its employees, servants, and actual, apparent and/or ostensible agents, acting within the course and scope of their employment, service and/or agency.

4. Defendant, Ian Greene (hereinafter "Defendant Greene"), is an adult individual with a business address at the above-captioned address.

5. At all times relevant hereto, Defendant Greene was an employee of the County of Cumberland and a deputy sheriff for the County of Cumberland and is sued in his individual capacity.

6. At all times relevant hereto, Defendant Greene was acting in the course and scope of his employment as a deputy sheriff for the County of Cumberland.

7. At all times relevant hereto, the County of Cumberland was acting by and through its agent and/or employee, Defendant Greene, who was acting within the scope of his agency and/or employment for the County of Cumberland as a deputy sheriff for the County of Cumberland.

8. Jurisdiction and venue are proper in the Court of Common Pleas of Cumberland County as the State law negligence and intentional torts and other violative conduct occurred in Cumberland County, Pennsylvania.

9. On April 15, 2024, Plaintiff suffered catastrophic injuries as a result of the negligent, reckless, and deliberate conduct by a Cumberland County Sheriff in violation of the United States Constitution secured pursuant to 42 U.S.C. §§ 1983 and 1988.

10. Plaintiff's permanent and debilitating injuries are an example of the failures of the Cumberland County Sheriff's Office, including its policy makers, in neglecting to properly train, supervise, screen, discipline, transfer, or otherwise control its deputy sheriffs.

11.    Plaintiff's unnecessary and avoidable injuries were caused by the Cumberland County Sheriff Office's failure to enact, implement, and/or train on proper procedures for operation of its vehicles and/or its improper pattern and practice of dangerously and improperly responding to incidents.

**THE CUMBERLAND COUNTY SHERIFF'S OFFICE POLICY MANUAL**

12.    Policy 309 of the Cumberland County Sheriff's Office Policy Manual, entitled "Deputy Response to Calls", provides "guidelines for the safe and appropriate vehicular response to emergency  and nonemergency incidents or requests for assistance whether these are dispatched or self-initiated."[1]



Policy **309**    **Cumberland County Sheriff's Office**
Policy Manual

**Deputy Response to Calls**

**309.1  PURPOSE AND SCOPE**
This policy provides deputies with guidelines for the safe and appropriate vehicular to emergency and non-emergency incidents or requests for assistance, whether dispatched or self-initiated.

13.    Section 309.3, entitled "Response to Calls", requires that deputies "***responding to non-emergency calls*** shall proceed accordingly, unless they are sent or redirected to a higher priority call and ***shall obey all traffic laws***."

**309.3  RESPONSE TO CALLS**
Deputies responding to non-emergency calls shall proceed accordingly, unless they a redirected to a higher priority call, and shall obey all traffic laws.

---

[1] Portions of Policy 309, as provided by Cumberland County, were cut off at the margins. To the extent that any quotes or citations from Policy 309 differ from screenshots of the policy, the quoted language was read, verbatim, into the record in this case by witnesses who had the full version of the policy in front of them at the time of their depositions.

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

14.     Section 309.3.1, entitled "Emergency Calls", requires that deputies "responding to an emergency call shall proceed immediately as appropriate and ***shall continuously operate the emergency vehicle lighting and siren*** as required by law (75 Pa. C.S. § 3105; 75 Pa. C.S. § 4571)."

> 309.3.1  EMERGENCY CALLS
> Deputies responding to an emergency call shall proceed immediately as appropriate
> continuously operate the emergency vehicle lighting and siren as required by law (75
> 3105; 75 Pa.C.S. § 4571).

15.     Section 309.3.1 further provides that "Deputies should only respond to a call as an emergency response ***when so dispatched or when circumstances reasonably indicate an emergency response is required***."

> Deputies should only respond to a call as an emergency response when so dispatche
> circumstances reasonably indicate an emergency response is required. This includes,
> limited to:

16.     The policy further demands that "***Deputies not responding to a call as an emergency response shall observe all traffic laws and proceed without the use of emergency lights and siren***."

> Deputies not responding to a call as an emergency response shall observe all traffic
> proceed without the use of emergency lights and siren.

17.     Section 309.5, entitled "Safety Considerations", explains that "Responding with emergency lights and siren ***does not relieve the operator of an emergency vehicle of the duty to continue to drive with due regard for the safety of all persons*** and property and ***does not protect the operator from the consequences of reckless disregard for the safety of others*** (75 Pa. C.S. § 3548)."

5

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

> **309.5  SAFETY CONSIDERATIONS**
> Responding with emergency lights and siren does not relieve the operator of an emergen
> of the duty to continue to drive with due regard for the safety of all persons and property,
> not protect the operator from the consequences of reckless disregard for the safety of
> Pa.C.S. § 3548).

18.     Under Policy 309.5, a deputy sheriff, when responding to a call with an emergency response, may "[e]xceed the speed limit" and may "[d]isregard regulations governing direction of movement, overtaking of vehicles or turning in specific directions", but may only do so "***provided there is no endangerment or unnecessary risk to persons and property***".

> The deputy may, when responding to a call with an emergency response, and provide
> no endangerment or unnecessary risk to persons and property (75 Pa.C.S. § 3105):

19.     As set forth in multiple sections of Policy 309, when responding to a call with an emergency response, deputy sheriffs (1) are still required to drive with due regard for the safety of all persons and property, (2) are required to continuously use lights and sirens, and (3) are prohibited from endangering or posing unnecessary risk to persons and property, regardless of whether Policy 309 may otherwise permit that deputy sheriff to exceed the speed limit or disregard certain other traffic laws.

## FACTUAL BACKGROUND

20.     At approximately 5:15 pm on April 15, 2024, the Cumberland County Sheriff's Office was notified of a bomb threat at Cumberland County Prison.

21.     That day, Corporal Tim Reitz of the Cumberland County Sheriff's Office was the on-duty supervisor and dispatched Deputy Colin Martin and Deputy Linda Lawlor to the prison to assist in the investigation, along with the Sheriff Office's bomb dog.

22.     Soon thereafter, Corporal Reitz, Deputy Martin, and Deputy Lawlor arrived on scene at the prison, along with other law enforcement personnel, to investigate the threat.

6

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

23.     At that time, Defendant Greene was also on duty and was later called to respond to the prison to support the investigation.

24.     Given that numerous members of law enforcement were already on site, including multiple members of the Sheriff's Office, Corporal Reitz advised Defendant Greene, in response to Defendant Greene's question, that he did not need to respond with an emergency response ("respond code").

> if it was by Deputies Lawlor or Martins cell phone , or radio ) I heard Deputy Greene ask if he should respond code at which I stated at this point I didn't think it was necessary.

25.     Defendant Greene was **_not_** dispatched by Corporal Reitz or anyone else to respond to the prison as an emergency call.

26.     Additionally, the circumstances did not "reasonably indicate an emergency response was required" – by the time of Defendant Greene's dispatch, there was no ongoing "emergency involving possible personal injury, death, or significant property damage" and his "immediate" assistance was not requested by anyone.

27.     As a result, under Policy 309, Defendant Greene was required to respond as a non-emergency call and was therefore required to obey all traffic laws (Section 309.3), was required to proceed without the use of emergency lights and sirens (Section 309.3.1), and was not permitted to exceed the speed limit or disregard other traffic regulations (Section 309.5).

28.     Despite this fact, Defendant Greene negligently, recklessly, and intentionally decided, in violation of Corporal Reitz's direction and in violation of Policy 309, to respond as an emergency call.

29.     After he negligently, recklessly, and intentionally decided to respond as an emergency to the non-emergency call, Defendant Greene continued to violate Policy 309.

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

30. Though Defendant Greene engaged his emergency lights during the response, he did not continuously engage his siren while responding, in violation of Section 309.3.1.

31. He recklessly exceeded the speed limit while disregarding traffic regulations prohibiting overtaking other vehicles, in violation of, among other sections, Section 309.5.

32. Shortly before 6:00 pm, Defendant Greene turned onto Trindle Road, a two-lane road in Cumberland County with a posted speed limit of 45 miles per hour, and began to travel westbound.

33. While traveling on Trindle Road, Defendant Greene negligently, recklessly, and intentionally decided to travel at speeds in excess of 90 miles per hour, more than double the posted speed limit, while approaching a blind hill at/near Horners Road and while overtaking other vehicles in a "no passing" zone.



34. As Defendant Greene approached the blind hill on W. Trindle Road at/near Horners Road, Plaintiff was traveling in the eastbound lane on the other side of the hill, on his way home from work.

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

35.    As Defendant Greene began to travel over the blind hill, he negligently, recklessly, and intentionally attempted to overtake two utility vehicles that were in the westbound lane, crossing the center line and entering the eastbound lane, while still traveling in excess of 80 mph.



36.    As he reached the top of the blind hill, while still in the eastbound lane of travel and while traveling in excess of 70 miles per hour, Defendant Greene negligently, recklessly, and intentionally decided to turn his siren off, leaving only his emergency lights engaged.



9

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

37.     As Defendant Greene crested the hill – still traveling westbound at an excessive rate of speed while in the eastbound lane – Plaintiff was approaching the top of the same hill from the eastbound lane.

38.     Left with no time to avoid the recklessly-speeding, siren-less sheriff's vehicle, Plaintiff desperately steered to his right and attempted to turn away from the head-on collision, but Defendant Greene nonetheless caused a horrific head-on collision with Plaintiff's SUV, sending Plaintiff's vehicle off the road and causing it to spin in a complete circle.



Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



*The damage caused to Plaintiff's SUV as a result of the horrific head-on collision*

39.    At all times relevant hereto, Defendant Greene negligently, recklessly, and intentionally failed to use his emergency siren while driving in the opposite direction of the lane of travel over a blind hill, and while driving at reckless speeds in excess of the speed limit, causing the horrific crash and causing Plaintiff's catastrophic and permanent injuries.

40.    Defendant Greene was acting under the color of state law when he crashed into Plaintiff's vehicle.

41.    No reasonably competent official could conclude that the actions of Defendant Greene described herein did not violate Plaintiff's constitutional rights.

11

42.     No reasonably prudent deputy sheriff, under similar circumstances, could have believed that Defendant Greene's conduct was justified or reasonable.

43.     There was absolutely no emergency for Defendant Greene to respond to and there was no one that needed any nature of rushed assistance.

44.     As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and/or other liability-producing of the County of Cumberland and Defendant Greene, Plaintiff suffered devastating, severe, and permanent injuries, including, but not limited to, severe internal trauma requiring surgical intervention, including a traumatic left lumbar hernia, and an acute bowel obstruction and internal hernia requiring partial resection of his colon; injuries to his heart; numerous orthopedic injuries, injuries to both knees, requiring knee replacement surgery of the right knee and then his left knee; and other orthopedic injuries.

45.     As a direct result of the carelessness, negligence, gross negligence, recklessness and/or other liability-producing conduct of the County of Cumberland and Defendant Greene, Plaintiff has required, and will continue to require, surgeries, medicines, medical care and treatment, and was caused to incur, and will continue to be caused to incur, medical expenses for care and treatment.

46.     As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and/or other liability-producing of the County of Cumberland and Defendant Greene, Plaintiff suffered, and will continue to suffer, agonizing aches, pain, distress, anxiety, and mental anguish.

47.     As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and/or other liability-producing of the County of Cumberland and Defendant Greene Plaintiff has sustained a loss of the enjoyment of life, life's pleasures, past, present and future.

12

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

48.     As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and/or other liability-producing conduct of the County of Cumberland and Defendant Greene, Plaintiff has been prevented, and will be prevented in the future, from performing his usual duties, activities, occupations, and avocations, and has suffered a loss of earnings and a loss of earning capacity.

49.     Plaintiff's injuries were the direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of the County of Cumberland and Defendant Greene, and in no way were contributed to by Plaintiff.

50.     The County of Cumberland and Defendant Greene are jointly and severally liable for Plaintiff's injuries and damages.

### COUNT I – NEGLIGENCE

### PLAINTIFF, MARCUS McKNIGHT, III v. DEFENDANT, COUNTY OF CUMBERLAND

51.     The allegations contained in the preceding paragraphs are incorporated herein as though fully set forth at length.

52.     The claims in this count are brought pursuant to the exceptions to sovereign immunity established by 42 Pa.C.S.A. § 8542(b)(1).

53.     Defendant, County of Cumberland, individually and by and through its agent and/or employee, Defendant Greene, was jointly and severally careless, negligent, grossly negligent, and/or reckless in the following respects:

      a.   Failing to exercise reasonable care and caution under the circumstances at issue;

      b.   Negligently operating its motor vehicle;

      c.   Carelessly driving;

      d.   Carelessly attempting to pass;

13

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

e.  Carelessly changing lanes;

f.  Recklessly operating its motor vehicle;

g.  Failing to follow traffic laws;

h.  Unsafely operating its motor vehicle;

i.  Excessively speeding while operating its motor vehicle;

j.  Failing to have proper policies and procedures in place to address emergency and non-emergency responses by Cumberland County Sheriffs;

k.  Failing to train and supervise Defendant Greene regarding motor vehicle operation when responding to non-emergency incidents;

l.  Failing to train and supervise Defendant Greene regarding motor vehicle operation when responding to emergency incidents;

m.  Failing to train and supervise dispatchers on communication of level of response when responding to an alleged threat at the prison;

n.  Failing to exercise reasonable care and caution in the operation of the County of Cumberland vehicle in Defendant's care, custody, and control;

o.  Failing to train and supervise Defendant Greene with respect to the operation of the County of Cumberland vehicles in Defendant's care, custody, and control;

p.  Failing to exercise reasonable care and caution in the operation of the County of Cumberland's vehicle in Defendant Greene's care, custody, and control as an employee of the County of Cumberland;

q.  Failing to have Cumberland County's vehicle under proper and adequate control as to not endanger the general public, including Plaintiff;

r.  Failing to have proper policies and procedures in place to address the operation of Cumberland County's vehicle in Cumberland County's care, custody, and control;

s.  Failing to operate the County of Cumberland vehicle in accordance with the laws and regulations of the Commonwealth, including obeying speed limits and driving on the correct side of the road;

t.  Failing to have proper policies and procedures in place to address vehicle operation in accordance with the laws and regulations of the Commonwealth in

14

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

reasonable and safe manner, including not allowing deputy sheriff to drive at excessive speeds on the wrong side of the road;

u. Failing to train and supervise Defendant Greene with respect to those policies regarding vehicle operation in accordance with the laws and regulations of the Commonwealth, including driving at excessive speeds on the wrong side of the road;

v. Permitting an inadequately trained and inexperienced deputy sheriff to engage in a high-speed incident response;

w. Failing to properly instruct its supervisor officers in the appropriate method of overseeing motor vehicle responses;

x. Failing to exercise reasonable care and caution in responding to non-emergency calls;

y. Failing to ensure that sirens were utilized to exercise reasonable care and caution in alerting motorists of the Cumberland County vehicle while driving at excessive speeds on the wrong side of the road; and

z. Otherwise failing to regard the rights, safety, and property of Plaintiff including, but not limited to, the appropriate and supporting sections of the Commonwealth of Pennsylvania Motor Vehicle Code, and failing to utilize the policies and procedures the Cumberland County Sheriff had or should have had in effect at the time of this collision.

54. By reason of the County of Cumberland's carelessness, negligence, gross negligence and reckless conduct, Plaintiff sustained serious and permanent personal injuries, including those set forth above.

55. By conducting itself as set forth above, the County of Cumberland's acts and/or omissions were substantial factors and/or factual causes and/or increased the risk of harm to Plaintiff.

**WHEREFORE**, Plaintiff, Marcus McKnight, III, demands judgment against Defendant, County of Cumberland, in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive damages, and delay damages pursuant to Pa.R.C.P. § 238, interest and allowable costs of suit and brings this action to recover same.

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT II – NEGLIGENCE

## PLAINTIFF, MARCUS McKNIGHT, III v. DEFENDANT, IAN GREENE

56.     The allegations contained in the preceding paragraphs are incorporated herein as though fully set forth at length.

57.     The claims in this count are brought pursuant to the exceptions to sovereign immunity established by 42 Pa.C.S.A. § 8542(b)(1).

58.     Defendant, Ian Greene, was careless, negligent, grossly negligent, and/or reckless in the following respects:

a.   Operating the vehicle at an excessive rate of speed under the circumstances;

b.   Failing to maintain a safe speed for the traffic and road conditions then and there existing;

c.   Carelessly driving;

d.   Carelessly attempting to pass;

e.   Carelessly changing lanes;

f.   Traveling at an unsafe speed for the traffic and vehicular conditions then and there existing;

g.   Failing to watch or look where the vehicle was traveling;

h.   Failing to watch the road in front of the vehicle;

i.   Failing to observe traffic and vehicular conditions then and there existing;

j.   Failing to maintain a proper and safe lookout for traffic and road conditions then there existing;

k.   Failing to have the vehicle under proper control;

l.   Failing to maintain proper and safe control of the motor vehicle;

m.   Failing to safely and properly operate the motor vehicle;

n.   Operating the vehicle so as to be unable to stop within the assured clear distance

16

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ahead;

o.  Failing to stop and maintain an assured clear distance;

p.  Failing to avoid the accident by applying breaks;

q.  Failing to operate his vehicle in the proper lane of travel;

r.  Failing to use emergency sirens when traveling at dangerous speeds;

s.  Operating the vehicle in such a reckless, careless, and grossly negligent manner so as to cause or allow the vehicle to strike another vehicle;

t.  Failing to avoid the accident by changing the direction of the vehicle;

u.  Operating the vehicle in violation of the Pennsylvania Motor Vehicle Code;

v.  Striking Plaintiff's vehicle;

w.  Failing to properly respond to non-emergency calls;

x.  Once Defendant Greene improperly determined he was responding to an emergency call, failing to properly respond to an emergency call; and

y.  Failing to adhere to policies and procedures regarding motor vehicle responses to incidents, including non-emergencies.

59.    By reason of Defendant, Ian Greene's, carelessness, negligence, gross negligence and reckless conduct, Plaintiff sustained serious and permanent personal injuries, including those set forth above.

60.    By conducting himself as set forth above, Defendant, Ian Greene's, acts and/or omissions were substantial factors and/or factual causes and/or increased the risk of harm to Plaintiff.

**WHEREFORE**, Plaintiff, Marcus McKnight, III, demands judgment against Defendant, Ian Greene, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages and delay damages pursuant to Pa.R.C.P. § 238, interest and allowable costs of suit and brings this action to recover same.

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT III – STATE CREATED DANGER

## PLAINTIFF, MARCUS McKNIGHT, III v. DEFENDANT, IAN GREENE, INDIVIDUALLY

48.     The allegations contained in the preceding paragraphs are incorporated herein as though fully set forth at length.

49.     Defendant, Ian Greene, individually, caused a state created danger in the following respects:

a. First, Plaintiff's catastrophic injuries were a foreseeable and direct harm of Defendant Greene's reckless actions because:

  i.   this harm was foreseeable because Defendant Greene had an awareness of the risk of traveling at excessive speeds down the wrong lane of travel while cresting a blind hill without his siren on; and

  ii.  this harm was directly caused by Defendant Greene's actions because Plaintiff's vehicle was struck by Defendant Greene's vehicle with such force that Plaintiff's vehicle was spun completely around.

b. Second, Defendant Greene's actions shock the conscious because:

  i.   Defendant Greene was told ___not___ to respond as an emergency response and instead decided to respond as an emergency response;

  ii.  Defendant Greene chose to drive at excessive speeds;

  iii. Defendant Greene chose to drive at excessive speeds on the wrong side of the road;

  iv.  Defendant Greene chose to drive at excessive speeds on the wrong side of the road without utilizing his siren;

  v.   Defendant Greene chose to drive at excessive speeds on the wrong side

18

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

of the road without utilizing his siren while cresting a blind hill;

vi. Defendant Greene chose to drive at excessive speeds on the wrong side of the road without utilizing his siren while cresting a blind hill with a deliberate indifference toward the substantial risk of crashing into another vehicle and causing serious harm;

vii. Defendant Greene chose to drive at excessive speeds on the wrong side of the road without utilizing his siren while cresting a blind hill with a deliberate indifference toward the actual risk of crashing into Plaintiff's vehicle and causing his serious harm;

viii. Defendant Greene violated the Cumberland County Sheriff's Office policies regarding Deputy Responses to Calls; and

ix. Defendant Greene violated numerous sections of Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, and emergency responses by emergency vehicles.

c. Third, Plaintiff was a foreseeable victim because he was a driver on the road that Defendant Greene was driving on at excessive speeds, without his siren engaged to warn nearby drivers of his vehicle's arrival, while coming over the top of a blind hill in the wrong lane of travel.

d. Fourth, Defendant Greene's affirmative act was the but-for cause of Plaintiff's injuries because:

i. Defendant Greene made the affirmative decision to drive his Cumberland County Sheriff's Office vehicle;

19

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ii. Defendant Greene's affirmative actions of driving his Cumberland County Sheriff's Office vehicle on Trindle Road at excessive speeds without utilizing his siren and crashing into Plaintiff's vehicle caused Plaintiff's vehicle to spin around completely, and Defendant Greene's affirmative actions are the but-for cause of Plaintiff's injury;

iii. Plaintiff's injuries, including, but not limited to, severe internal trauma requiring surgical intervention, including a traumatic left lumbar hernia, and an acute bowel obstruction and internal hernia requiring partial resection of his colon; injuries to his heart; numerous orthopedic injuries, injuries to both knees, requiring knee replacement surgery of the right knee and then his left knee; and other orthopedic injuries, limited Plaintiff's freedom of action; and

iv. Defendant Greene's affirmative action was the but-for cause of Plaintiff's injuries that limited his freedom of action.

**WHEREFORE**, Plaintiff, Marcus McKnight, III, demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages and delay damages pursuant to Pa.R.C.P. § 238, interest and allowable costs of suit and brings this action to recover same.

## COUNT IV – 42 U.S.C. § 1983

### PLAINTIFF, MARCUS McKNIGHT, III v. DEFENDANT, IAN GREENE INDIVUDALLY AND IN HIS OFFICIAL CAPACITY

50. The allegations contained in the preceding paragraphs are incorporated herein as though fully set forth at length.

51. Defendant, Ian Greene, individually, was acting under the color of state law while

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

exercising the authority that the Cumberland County Sheriff's Office gave him as an employee of the Sheriff's Office because he was performing his duty as a deputy sheriff to respond to a non-emergency call in his Cumberland County Sheriff's Office vehicle.

52.     Defendant Greene's actions were wrongful, malicious, and reckless in depriving Plaintiff of his constitutional rights.

53.     Defendant Greene failed to act as an objectively reasonable deputy sheriff would have acted in the same or similar circumstances.

54.     Defendant Greene, without legal or necessary justification or the need to do so, used excessive and deadly force as described above and caused serious bodily injury.

55.     Defendant Greene, without legal or necessary justification or the need to do so, used excessive and deadly force by driving more than double the speed limit in the wrong lane of travel and cresting a blind hill, without his siren engaged, all while responding to a non-emergency at the time he slammed into Plaintiff's vehicle.

56.     While acting under the color of state law, Defendant Greene deprived Plaintiff of his procedural due process rights in violation of the Fourteenth Amendment when he did not use constitutionally adequate procedures to deprive him of his right to life and liberty when:

   a.   Defendant Greene's vehicle struck Plaintiff's car with such force that Plaintiff's car spun completely around;

   b.   Plaintiff had to be admitted for multiple in-patient stints for his accident-related injuries; and

   c.   Plaintiff continues to suffer from his catastrophic injuries which prevent him from performing his usual duties, activities, occupations, and avocations.

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

57.    While acting under the color of state law, Defendant Greene deprived Plaintiff of his substantive due process rights in violation of the Fourteenth Amendment when he engaged in conscious-shocking conduct with deliberate indifference including:

   a.   Deciding to respond as an emergency response despite being told not to respond as an emergency;

   b.   Speeding in excess of 90 mph on Trindle Road, where the speed limit is 45 mph;

   c.   Disregarding and violating Cumberland County Sheriff's Office policies on responding to non-emergencies;

   d.   Disregarding and violating Cumberland County Sheriff's Office policies on using sirens;

   e.   Disregarding and violating Title 75 of the Motor Vehicle Code;

   f.   Operating the motor vehicle in the opposite lane of travel at more than double the speed limit while responding to a non-emergency;

   g.   Driving on the wrong side of the road without utilizing sirens; and

   h.   Driving on the wrong side of the road without utilizing sirens and traveling at reckless speeds while cresting a blind hill.

58.    Defendant Greene violated clearly established law in Pennsylvania, specifically Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, and emergency responses by emergency vehicles.

59.    Defendant Greene violated Cumberland County Sheriff's Office departmental protocols regarding Deputy Responses to Calls.

60.    Defendant Greene directly participated in the violation of Plaintiff's procedural and substantive due process rights, which are protected under the Fourteenth Amendment.

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WHEREFORE**, Plaintiff, Marcus McKnight, III, demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages and delay damages pursuant to Pa.R.C.P. § 238, interest and allowable costs of suit and brings this action to recover same.

### COUNT V – 42 U.S.C § 1983 EXCESSIVE FORCE

### PLAINTIFF, MARCUS McKNIGHT, III v. DEFENDANT, IAN GREENE INDIVUDALLY AND IN HIS OFFICIAL CAPACITY

48.     The allegations contained in the preceding paragraphs are incorporated herein as though fully set forth at length.

49.     Defendant Greene's actions on the occasion in question were wrongful, malicious and reckless in depriving Plaintiff of his constitutional rights.

50.     Defendant Greene failed to act as an objectively reasonable deputy sheriff would have acted in the same or similar circumstances.

51.     Defendant Greene, without legal or necessary justification or the need to do so, used excessive and deadly force as described above and caused catastrophic injuries to Plaintiff.

52.     Defendant Greene, without legal or necessary justification or the need to do so, used excessive and deadly force by operating his vehicle on the public roadway at more than double the posted speed limit (92 mph), in the wrong direction of travel, and without a siren and was cresting a blind hill in the opposite lane of travel when he crashed into Plaintiff.

53.     Defendant Greene denied Plaintiff's right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

54.     The force used by Defendant Greene was objectively unnecessary, excessive and unreasonable under the circumstances, as, by the time he was responding to the prison, there was no imminent threat or harm to the safety of the public, the safety of law enforcement, or anyone.

23

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

55. Defendant Greene embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact did cause Plaintiff's permanent and debilitating injuries as set forth above.

56. Defendant Greene violated clearly established law in Pennsylvania, specifically Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, and emergency responses by emergency vehicles.

57. Defendant Greene violated Cumberland County Sheriff's Office departmental protocols regarding Deputy Responses to Calls.

**WHEREFORE**, Plaintiff, Marcus McKnight, III, demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages and delay damages pursuant to Pa.R.C.P. § 238, interest and allowable costs of suit and brings this action to recover same.

<u>**COUNT VI – ASSAULT AND BATTERY**</u>

<u>**PLAINTIFF, MARCUS McKNIGHT, III v. DEFENDANT, IAN GREENE INDIVUDALLY AND IN HIS OFFICIAL CAPACITY**</u>

58. The allegations contained in the preceding paragraphs are incorporated herein as though fully set forth at length.

59. As described in this Complaint, Defendant Greene, while acting within the course and scope of his duties as a Cumberland County Sheriff, without provocation, warrant, necessary, or legal justification, assaulted and battered Plaintiff by slamming his Cumberland County Sheriff's Office vehicle into Plaintiff's vehicle, causing it to spin around completely.

60. As a result of Defendant Greene's assault and battery, Plaintiff suffered excruciating physical and emotional injuries, loss of life and enjoyment of life, and seeks all available damages under the law.

24

**WHEREFORE**, Plaintiff, Marcus McKnight, III, demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages and delay damages pursuant to Pa.R.C.P. § 238, interest and allowable costs of suit and brings this action to recover same.

### COUNT VII – LOSS OF CONSORTIUM

### PLAINTIFF, ELIZABETH McKNIGHT v. DEFENDANTS, COUNTY OF CUMBERLAND AND IAN GREENE

61.    The allegations contained in the preceding paragraphs are incorporated herein as though fully set forth at length.

62.    Plaintiff, Elizabeth McKnight, is and was at all relevant times the wife of Plaintiff, Marcus McKnight, III, and as such, is entitled to his society, companionship and services.

63.    By reason of the Defendants' joint and several carelessness, negligence, recklessness, gross negligence, and other liability-producing conduct as aforesaid, Plaintiff-wife, Elizabeth McKnight, has suffered the loss of consortium and has been deprived of her husband's love, companionship, comfort, affection, society, moral guidance, intellectual strength and physical assistance and the loss of the assistance and earnings of Plaintiff-husband, Marcus McKnight, III.

**WHEREFORE**, Plaintiff, Elizabeth McKnight, claims of Defendants, County of Cumberland and Ian Greene, jointly and severally, and each of them, respectively, sums in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages and delay damages pursuant to Pa.R.C.P. § 238, interest and allowable costs of suit and brings this action to recover same.

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully Submitted,

**SALTZ MONGELUZZI BENDESKY PC**

BY:    */s/ E. Douglas DiSandro, Jr.*
        ROBERT J. MONGELUZZI
        ANDREW R. DUFFY
        E. DOUGLAS DISANDRO, JR.
        *Attorneys for Plaintiffs*

Dated: <u>April 15, 2026</u>

26

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# CERTIFICATE OF COMPLIANCE

I, E. Douglas DiSandro, Jr., Esquire, hereby certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

**SALTZ MONGELUZZI BENDESKY PC**

BY:     /s/ E. Douglas DiSandro, Jr.
ROBERT J. MONGELUZZI
ANDREW R. DUFFY
E. DOUGLAS DISANDRO, JR.
*Attorneys for Plaintiffs*

Dated: April 15, 2026

Case# 2026-04247-0 Received at Cumberland County Prothonotary on 04/15/2026 4:56 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This Verification is made subject to the penalties of the 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

MARCUS McKNIGHT, III