**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCUS MCKNIGHT, III and ELIZABETH MCKNIGHT,** | : | **CIVIL ACTION NO. 1:26-CV-1355** |
| | : | |
| | : | **(Judge Neary)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COUNTY OF CUMBERLAND and IAN GREENE,** | : | |
| | : | |
| | : | |
| **Defendants** | : | |

## CASE ASSIGNMENT ORDER

AND NOW, this 19th day of May, 2026, upon consideration of the complaint commencing the above-captioned civil action, which has been removed to this district and assigned to the undersigned, it is hereby ORDERED that:

1. If service of the initial pleading has not been made and cannot be made within the time required by the Federal Rules of Civil Procedure, counsel shall submit an appropriate motion for extension of time addressing the reasons for the delay and the course of action requested.

2. If appropriate, the court will issue an order setting a date and time for a mandatory case management conference in accordance with Federal Rule of Civil Procedure 16 and Local Rule of Court 16.1 once joinder of this matter has been accomplished.

3. It is essential that the answer or other responsive pleading or motion be filed in the time provided by the Federal Rules. Counsel as well as *pro se* litigants shall not enter into agreements for extension of time without seeking court approval. Any such request shall be made by appropriate motion in conformity with the Local Rules.

4. The parties shall comply fully with Rule 26 and other provisions of the Federal Rules. Counsel shall not cease active discovery pending disposition of a motion to dismiss.

5.      The parties may agree by stipulation to designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. These stipulations are agreements between the parties only and the court *does not* endorse confidentiality agreements. To the extent the parties seek a court order designating certain information confidential, they shall file a motion for a protective order in accordance with Local Civil Rule 7.5 that meets the good cause standard set out in Federal Rule of Civil Procedure 26(c).

6.      If a defendant determines that a Rule 12 motion is appropriate, defense counsel first must meet and confer with plaintiff's counsel before filing to determine whether any purported defects with the complaint can be cured. Any motion to dismiss must be accompanied with a certificate stating that the defendant has made good-faith efforts to confer with the plaintiff to determine whether the identified pleading deficiencies properly may be cured by amendment. Rule 12 motions that do not contain the required certification will be stricken. This requirement applies to all Rule 12 motions, including motions for judgment on the pleadings under Rule 12(c).

7.      Inquiries concerning scheduling matters, courtroom logistics, and other matters should be directed to chambers at 717-221-3960.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

2