**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCUS MCKNIGHT, III AND** | **:** | |
| **ELIZABETH MCKNIGHT, h.w,** | **:** | |
| | **:** | |
| Plaintiffs, | **:** | **CASE NO. 1:26-cv-01355-KMN** |
| | **:** | |
| v. | **:** | **(KELI M. NEARY, J.)** |
| | **:** | |
| **COUNTY OF CUMBERLAND and** | **:** | |
| **IAN GREENE,** | **:** | |
| Defendants. | **:** | |

## JOINT CASE MANAGEMENT PLAN

**1.0    Principal Issues**

1.1    Separately for each party, please give a statement summarizing this case:

By plaintiffs:

**On April 15, 2024, 71-year-old Plaintiff, Marcus McKnight, III, was on his way home from work on West Trindle Road, near its intersection with Horners Road, in Cumberland County, when Defendant, Ian Greene's ("Deputy Greene"), sheriff's SUV suddenly came over a blind hill in Plaintiff's lane, traveling directly at Plaintiff at an excessive rate of speed. Plaintiff attempted to avoid a collision, but had no time to react and the vehicles collided, head-on, causing Plaintiff's SUV to spin completely around from the force of the impact, and causing Plaintiff to suffer significant injuries, including, but not limited to, severe internal trauma, including a traumatic left lumbar hernia, and an acute bowel obstruction and internal hernia requiring partial resection of his colon; injuries to his heart; numerous orthopedic injuries, including injuries to both knees requiring knee replacement surgery of the right knee and later his left knee.**

**At the time of the accident, Deputy Greene was en route, in his County of Cumberland-issued vehicle, to the Cumberland County Prison, where a bomb threat had been called in earlier that day. By the time of his response, other Cumberland County Sheriffs were on scene, and Deputy Greene had been told**

by his on-duty supervisor that he did not need to respond with an emergency response. Additionally, the circumstances at the time did not "reasonably indicate an emergency response was required" – by the time of Deputy Greene's dispatch, there was no ongoing "emergency involving possible personal injury, death, or significant property damage" and his "immediate" assistance was not requested by anyone.

As a result, Deputy Greene was required to respond as a non-emergency call, meaning that he was required to obey all traffic laws, was required to proceed without the use of emergency lights and sirens, and was not permitted to exceed the speed limit or disregard other traffic regulations. Despite this fact, Deputy Greene negligently, recklessly, and intentionally decided to respond as an emergency call, purportedly because he believed and/or was trained that County of Cumberland policies gave him discretion to do so. In responding, he decided to travel at speeds in excess of 90 miles per hour on Trindle Road, more than double the posted speed limit, while approaching a blind hill at/near Horners Road and while overtaking other vehicles in a "no passing" zone. It was as Deputy Greene approached the blind hill on W. Trindle Road that Plaintiff was traveling in the eastbound lane on the other side of the hill. Deputy Greene began to travel over the hill, he attempted to overtake two utility vehicles that were in the westbound lane, crossing the center line and entering the eastbound lane, while still traveling in excess of 80 mph. As Deputy Greene crested the hill – still traveling westbound at an excessive rate of speed while in the lane for eastbound travel – Plaintiff was approaching the top of the hill from the eastbound lane and the accident occurred. Deputy Greene ultimately pled guilty to misdemeanor criminal charges of reckless endangerment and summary traffic offenses as a result of his role in causing this accident.

By defendant: Ian Greene

On April 15, 2024, Cumberland County Prison received an anonymous bomb threat stating that there was a bomb ready to detonate at the Prison momentarily. Per Cumberland County customs and policies, all Cumberland County Sheriffs were called to the Prison as an emergency response.

Ian Greene, a Cumberland County Deputy Sheriff at the time, was serving papers on a party to an unrelated cause of action when he received the call. As the dash camera footage shows, once the service was complete, Deputy Greene turned his lights and sirens on and began driving to the Prison.

As the dash camera footage shows, while driving on Trindle Road in Carlisle, PA, Deputy Greene attempted to drive around several vehicles in his pursuit of the emergency. In doing so, he drove into the opposing traffic lane, colliding with Mr. McKnight. Deputy Greene is no longer employed by the Cumberland County Sheriff's Office.

Because Deputy Greene was responding to an emergency that he was called to, Deputy Greene is entitled to qualified immunity in this matter.

By Defendant: County of Cumberland

On April 15, 2024, Marcus McKnight was involved in an automobile accident with Defendant (former) Cumberland County Deputy Sheriff Ian Greene. Greene was responding to a bomb threat before the collision occurred. Greene has left the Sheriff's Department.

In the instant action, Plaintiffs allege claims for: Negligence (Count I, County); Negligence (Count II, Greene); State Created Danger (Count III, Green); 42 U.S.C. § 1983 (Count IV, Greene "Individually and in His Official Capacity"); 42 U.S.C. § 1983 – Excessive Force (Count V, "Individually and in His Official Capacity"); Assault and Battery (County VI, "Individually and in His Official Capacity"); Loss of Consortium (Count VII, County and Greene, by Elizabeth McKnight only).

Greene's actions are subject to a qualified immunity for actions undertaken in response to an emergency situation. Further, County invokes the protections of Pennsylvania's Political Subdivision Claims Act and the limitation of liability set forth therein. County's financial liability in this matter is strictly defined by statute.

County specifically denies all allegations of violations of Plaintiffs' civil rights. In their Complaint Plaintiffs aver the County had a policy requiring Sheriff's Deputies to abide by local traffic rules when responding to non-emergency calls. Compl. ¶¶ 12-19 (Docket 1-4). Plaintiffs further aver Greene's supervisor advised him not to respond to the bomb threat as an emergency code. *Id*. at ¶¶ 24-25. Plaintiffs' alleged injuries do not arise from any policy or procedure enacted by the County – in fact the County's policies, procedures, and supervisory actions show the accident was not a result of any affirmative action by the County in violation of Plaintiffs' civil rights.

3

1.2    The facts the parties <u>dispute</u> are as follows:

1. **Whether Deputy Greene intentionally collided with Mr. McKnight.**

2. **Whether Deputy Greene heard orders not to turn his emergency lights and sirens on.**

3. **Whether Deputy Greene ignored orders not to respond as an emergency.**

4. **Whether Deputy Greene decided to respond as an emergency despite being instructed not to respond as an emergency.**

5. **Whether Deputy Greene had been trained to respond in the manner that he did on the date of the accident.**

6. **Whether County Policies and Procedures resulted in Deputy Greene responding in the manner that he did on the date of the accident.**

Agree upon as follows:

1. **Defendants were called to the Cumberland County Prison for a bomb threat at approximately 5:15 p.m. on April 15, 2024.**

2. **The accident took place on April 15, 2024, at approximately 6:02 p.m.**

3. **Mr. McKnight was driving eastbound on Trindle Road prior to and at the time of the accident.**

4. **Deputy Greene was driving in the opposite lane against traffic on Trindle Road.**

5. **Deputy Greene and Mr. McKnight's vehicles collided.**

6. **The vehicle that Deputy Greene was operating at the time of the accident was owned by the County of Cumberland.**

7. **At the time of the accident, Policy 309 of the Cumberland**

4

**County Sheriff's Office Policy Manual, entitled "Deputy Response to Calls", provided "guidelines for the safe and appropriate vehicular response to emergency and nonemergency incidents or requests for assistance whether these are dispatched or self-initiated".**

8. **Section 309.3, entitled "Response to Calls", required that deputies "responding to non-emergency calls shall proceed accordingly, unless they are sent or redirected to a higher priority call and shall obey all traffic laws."**

9. **Section 309.3.1, entitled "Emergency Calls", required that deputies "responding to an emergency call shall proceed immediately as appropriate and shall continuously operate the emergency vehicle lighting and siren as required by law (75 Pa. C.S. § 3105; 75 Pa. C.S. § 4571)."**

10. **Section 309.3.1 also provided that "Deputies should only respond to a call as an emergency response when so dispatched or when circumstances reasonably indicate an emergency response is required" and "Deputies not responding to a call as an emergency response shall observe all traffic laws and proceed without the use of emergency lights and siren."**

11. **Section 309.5, entitled "Safety Considerations", stated that "Responding with emergency lights and siren does not relieve the operator of an emergency vehicle of the duty to continue to drive with due regard for the safety of all persons and property and does not protect the operator from the consequences of reckless disregard for the safety of others (75 Pa. C.S. § 3548)."**

12. **Under Policy 309.5, a deputy sheriff, when responding to a call with an emergency response, was permitted to "[e]xceed the speed limit" and "[d]isregard regulations governing direction of movement, overtaking of vehicles or turning in specific directions", but only "provided there is no endangerment or unnecessary risk to persons and property".**

1.3    The legal issues the parties <u>dispute</u> are as follows:

5

1. **Whether the use of force by Deputy Greene's actions constituted an unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.**

2. **Whether Deputy Greene's actions were objectively reasonable in light of the facts and circumstances confronting him.**

3. **Whether Deputy Greene owed Mr. McKnight a duty while responding to a call.**

4. **Whether Deputy Greene's actions caused the risk of harm to the general public.**

5. **Whether Deputy Greene's collision with Mr. McKnight was intentional.**

6. **Whether Plaintiff can assert a viable § 1983 claim.**

Agree upon are as follows:

1. **This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, as the action arises under the Constitution and laws of the United States. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims that they form part of the same case or controversy.**

2. **Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.**

1.4  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

**None.**

1.5  Identify any named parties that have not yet been served:

**None.**

6

1.6     Identify any additional parties that:

plaintiff(s) intends to join:

**None.**

defendant(s) intends to join:

**None.**

1.7     Identify any additional claims that:

plaintiff(s) intends to add:

**None.**

Deputy Greene intends to add:

**None.**

defendant County of Cumberland intends to add:

**None.**

## 2.0   Disclosures

**The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.**

2.1  Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiffs</u>:

| <u>Name</u> | <u>Title/Position</u> |
| --- | --- |
| *Mark McKnight, III* | *Plaintiff – Injured Plaintiff* |
| *Elizabeth McKnight* | *Plaintiff – Loss of Consortium Claim* |
| *Ian Greene* | *Defendant, Cumberland County Deputy Sheriff* |
| *Cpl. Matthew Homa* | *Cumberland County Deputy Sheriff* |
| *Cpl. Timothy Reitz* | *Cumberland County Deputy Sheriff* |
| *Linda Lawlor* | *Cumberland County Deputy Sheriff* |
| *Colin Martin* | *Cumberland County Deputy Sheriff* |
| *Matthew McKnight* | *Plaintiffs' Son* |
| *John Post* | *Independent Witness* |
| *Heather Bailor* | *Independent Witness* |
| *Ryan Diehl* | *Independent Witness* |
| *Coulton Berry* | *Independent Witness – Pennsylvania State Police* |
| *Darnell Williams* | *Independent Witness – Pennsylvania State Police* |
| *Cpl. Duane Frederick* | *Independent Witness – Pennsylvania State Police* |

8

| | |
|---|---|
| *Glenn Knudsen* | *Independent Witness – Pennsylvania State Police* |
| *Ryan Stover* | *Independent Witness – Carlisle Borough Police* |
| *Zachary Shroyer* | *Independent Witness – Carlisle Borough Police* |
| *Grace Snyder* | *Independent Witness – Cumberland EMS* |
| *Taylor Shearer* | *Independent Witness – Cumberland EMS* |
| *Jacob Bream* | *Independent Witness – Cumberland EMS* |
| *Ben McDonald* | *Independent Witness – Carlisle Fire & Rescue* |
| *Dan Grimes* | *Independent Witness – Carlisle Fire & Rescue* |
| *Brandon Yarlett* | *Independent Witness – Carlisle Fire & Rescue* |
| *Dr. Graham G. Laurence* | *Independent Witness – Surgeon at Penn State Health* |
| *Dr. Laura Velcu* | *Independent Witness – Surgeon at Penn State Health* |
| *Other Providers from Penn State Health* | *Independent Witnesses – Treating Medical Providers* |

9

| | |
|---|---|
| *Providers from Encompass Rehabilitation* | *Independent Witnesses – Treating Medical Providers* |
| *Dr. Ronald W. Lippe* | *Independent Witness – Treater at Orthopedic Institute* |
| *Dr. Kenneth R. Guistwite, MD* | *Independent Witness – Treater at Guistwite Family Practice* |
| *Other Medical Providers, Treatment Ongoing* | *Independent Witnesses – Treating Medical Providers* |

**Plaintiffs reserve the right to amend the above witness list as investigation is ongoing and discovery has yet to conclude in the Federal Action.**

Disclosed by Defendant Ian Greene and Defendant County:

| | |
|---|---|
| *Ian Greene* | *Former Cumberland County Deputy Sheriff* |
| *John Post* | *Witness* |
| *Heather Bailor* | *Witness* |
| *Cpl. Matthew Homa* | *Cumberland County Deputy Sheriff* |
| *Cpl. Timothy Reitz* | *Cumberland County Deputy Sheriff* |

**Any persons listed in Plaintiff's Complaint, the Defendants' Answer, Plaintiff's Initial Disclosures, and/or any person with knowledge of documents which may be provided in discovery.**

10

**3.0    Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect

either on the scope of discovery or other aspects of the litigation:

Nature of Motion            Moving Party            Anticipated Filing Date

By Plaintiff(s):

**None at this time.**

By Defendant(s):

**Motion for Summary Judgment to be filed by Defendants following the completion of discovery.**

**4.0    Discovery**

4.1    Briefly describe any discovery that has been completed or is in

progress:

By plaintiff(s):

**In the prior and pending state court action in the Cumberland County Court of Common Pleas, five depositions were completed, written discovery and documents were exchanged, and subpoenas were issued to the Carlisle Borough Police Department, Pennsylvania State Police. In this case, Plaintiffs will provide their Initial Disclosures to Defendants prior to the phone conference.**

By defendant(s):

**Defendants will provide their Initial Disclosures to Plaintiff prior to the phone conference. Defendants plan to serve written discovery and take depositions following the Initial Case Management Conference.**

4.2     Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

**The Parties agree to engage in written discovery and depositions to, among other things, explore the viability of the claims and defenses advanced in this litigation. Plaintiffs will depose Defendant, Ian Greene, to gather additional information about his training, background, and the events leading to the accident. Defendants will depose Plaintiff, Marcus McKnight, III, to learn, among other things, about the accident, his injuries, his past medical history, and his current limitations and treatment. Defendants will also depose Plaintiff, Elizabeth McKnight, to learn, among other things, about her loss of consortium claim and any relevant information she possesses with respect to Plaintiff-husband's damages and injuries. Other independent witnesses may be deposed to determine what information they have, if any, about the facts and circumstances surrounding the accident and Plaintiff's injuries.**

**In addition to written discovery and depositions involving the parties, is anticipated that subpoenas will be issued to other first responders who provided support at the scene of the accident, and Defendants will likely serve subpoenas upon Plaintiff's medical providers for all medical and billing records.**

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which</u> <u>another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it: **None.**

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation: **None.**

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side</u> <u>limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1   depositions (excluding experts) to be taken by:

plaintiff(s): **8**            defendant(s): **8**

13

4.5.2  interrogatories to be served by:

plaintiff(s): **25**          defendant(s): **25**

4.5.3  document production requests to be served by:

plaintiff(s): **No Limits**   defendant(s): **No Limits**

4.5.4  requests for admission to be served by:

plaintiff(s): **25**          defendant(s): **25**

4.6   Discovery of Electronically Stored Information

**X** Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

Protective Order

5.0   If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

**None at this time.**

5.1     If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**None at this time.**

## 6.0     Scheduling

6.1     Final date for joining additional parties:

**July 1, 2026**          Plaintiff(s)

**July 1, 2026**          Defendant(s)

6.2     Final Date for amending pleadings:

**July 1, 2026**          Plaintiff(s)

**July 1, 2026**          Defendant(s)

6.3     All fact discovery commenced in time to be completed by:

**January 6, 2027**

6.4     All potentially dispositive motions should be filed by:

**April 7, 2027**

6.5     Reports from retained experts due:

from plaintiff(s) by **February 3, 2027**

from defendant(s) by **March 3, 2027**

6.6     Supplementations due: **March 17, 2027**

6.7     All expert discovery commenced in time to be completed by

**April 7, 2027**

6.8     Motions in Limine due: **July 8, 2027**

This case may be appropriate for trial in approximately:

__ 240 Days from the filing of the action in this court

__ 365 Days from the filing of the action in this court

__ Days from the filing of the action in this court

6.9     Pre-trial Memos, Proposed Voir Dire Questions, and Proposed Jury

Instructions due: **August 12, 2027**

6.10    Suggested Date for the final Pretrial Conference: **August 19, 2027**

6.11    Jury Selection/Trial: **September 7, 2027**

**7.0**   Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

Plaintiff:

> **Marcus McKnight, III and Elizabeth McKnight**
> **c/o  Robert J. Mongeluzzi, Esquire**
> **Andrew R. Duffy, Esquire**
> **E. Douglas DiSandro, Jr., Esquire**
> **Saltz Mongeluzzi & Bendesky P.C.**
> **One Liberty Place**
> **1650 Market Street, 52nd Floor**
> **Philadelphia, PA 19103**
> **Telephone (215) 575-3997**

16

Defendant:

> **Ian Greene**
> **c/o David J. MacMain/Jake C. Shane**
> **MacMain Leinhauser, PC**
> **433 West Market Street, Suite 200**
> **West Chester, PA 19382**
> **(484) 318-7106**

Defendant:

> **County of Cumberland**
> **c/o William F. McDevitt**
> **Wilson Elser Moskowitz Edelman and Dicker, LLP**
> **Two Commerce Square, 2001 Market Street, Suite 3100**
> **Philadelphia, PA 19103**
> **(215) 606-3979**

## 8.0   Alternative Dispute Resolution ("ADR")

8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure: **None at this time**

Date ADR to be commenced:   **None at this time.**

Date ADR to be completed:   **None at this time.**

8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

Date ADR to be commenced:   **None at this time**

Date ADR to be completed:     **None at this time**

8.3     If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0     Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C.§ 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:

_____ Y     **X** N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_____ Scranton/Wilkes-Barre
_____ Harrisburg
_____Williamsport

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

Plaintiffs:

**Two other matters are currently pending in state court in the Cumberland County Court of Common Pleas arising from the**

**events at issue in this case, at Docket Number 2025-03475 and Docket Number 2026-04246. It is anticipated and expected that these matters will be dismissed, without prejudice, for all claims to be pursued in the within action.**

Defendants:

**Nothing further to add at this time.**

11.0   **Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.   Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.

Also please indicate ECF User status below.

Dated:        June 5, 2026

Robert J. Mongeluzzi, Esquire
Andrew R. Duffy, Esquire
E. Douglas DiSandro, Jr., Esquire
Attorney(s) for Plaintiff(s)
Saltz Mongeluzzi & Bendesky P.C.
1650 Market Street, 52nd Floor
Philadelphia, Pa 19103-7301

19

215-496-0999

X       ECF Users
        Waiver requested (as separate document)
        Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:        June 5, 2026

David J. MacMain, Esq., Jake C. Shane, Esq. (484)-318-7106


        Attorney(s) for Defendant Ian Greene

Yes    ECF  User(s)
No     Waiver requested (as separate document)
No     Fed. R. Civ. P. 7.1 (statement filed if necessary)*

Dated:

        Attorney(s) for Defendant County of Cumberland

Yes    ECF  User(s)
No     Waiver requested (as separate document)
No     Fed. R. Civ. P. 7.1 (statement filed if necessary)*

*Fed. R. Civ. P. 7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

20